Good morning, Your Honors. May it please the Court. My name is Ayensa Millan, and I am here on behalf of the petitioner Roberto Madrid-Farfan. But before I proceed, I would like to reserve two minutes for rebuttal. Thank you. The dispositive issue before this Court is whether the Arizona Revised Statute AR 13-3408 is indivisible in regards to its schedule of narcotic drugs and its actus rei. For the reasons that follow, the Court should find the statute indivisible and should terminate proceedings or, in the alternative, remand for the petitioner to be able to seek the appropriate relief. In applying the Mathis analysis as to whether a statute constitutes a predicate offense, ARS 13-3408 contains language that is outside of the generic language, in addition to containing two substances in its narcotic drug schedule that are not listed in the federal schedule, therefore making both the actus rei and the The Court also pointed this out in a memo under Vera Valdivinos. So with that, Your Honor, we move to the next part of the analysis. Because the language of the statute does contain seemingly generic language, we have to move forward to the divisibility issue. First, we must determine whether the drug type or the narcotic drug is an element of the offense as opposed to an alternative means. We put forth that it is a means of satisfying the elements of the statute and not necessarily an element itself. We start by looking into the Arizona jurisprudence as well as jury instructions, Your Honor. We know that in Arizona, the U.S. Supreme Court pointed out that in dealing with crimes, it was more the business of the states than it was that of the federal government. Why am I pointing this out? Because it gave significant deference to the states as to what constitutes elements in order to sustain an actual conviction and what are simply alternative means. This Court further held that while the defendant was entitled to a unanimous jury verdict that the crime was committed, the defendant was not entitled to a unanimous jury verdict as to how that crime was committed. So the statute is broader than the federal statute. Yes. Am I correct that the defendant, your client pleaded to the, entered a guilty plea? That's correct. And he pleaded to the statute but not to a particular drug. Am I correct about that? That's correct, Coke. The actual plea agreement simply cites the general statute and also the minute entry cites the general statute and does not point the actual drug title. But we don't even know whether he pleaded to a controlled substance covered by federal law. Is that correct? That's correct, Your Honor. So regardless of how you characterize the statute, it would appear that he didn't, we can't show that he was committed a categorical, an offense under the categorical test. Isn't that right? Yes, that's correct, Your Honor. There is, the drug was mentioned in the indictment. However, that's not sufficient. When you look at all the Shepard documents, that in and of itself is not sufficient to actually conclusively prove the drug type. Right. Okay. Now, you indicated that it should be remanded for consideration of discretionary relief or terminated. We can't order the proceeding to be terminated. Your Honor, the reason why we request that is because we do believe that he is eligible for adjustment of status under his wife. Oh, so that would be presented below to the agency. Correct. All right. That's correct, Your Honor. But all you're asking really here is that we remand and then we let the agency decide how to proceed. That's correct, Your Honor. Okay. Yes. The Arizona Supreme Court further came to the same conclusion as Chad v. Arizona as the U.S. Supreme Court came to. Its progeny, Forrester Kirshner, also held the exact same thing, Your Honor. Also, in State v. Sheremy, the Arizona Supreme Court in a non-bond case in 2008 held that possession is a lesser-included offense of transportation and consistent with the court in Chavoya, Hinojosa, and that possession is incidental to transportation and not a separate and distinct crime as also held under State v. Brown. State v. Brown further held that in applying the Dixon test, nothing in the actual statute, 3408A, suggested that the a single crime was involved. I think we understand your position. Are there questions? No questions here. And I have none. I think we'd like to hear from the government. Oh, great. Okay. Thank you. That's a good time to sit down. Thank you. Good morning, Your Honors. I please the Court. Giovanni DiMaggio on behalf of the Attorney General. Your Honors, as my colleague pointed out at the beginning, the central issue in this case is whether Petitioner's guilty plea to sale of cocaine in Count 1 of the indictment here was entered under an Arizona statute that is divisible by drug-type elements, meaning that the identity of the drug, cocaine, was an element of the crime. And I do want to just pause here before addressing further divisibility, which, again, I see as the central issue, to address a comment that Judge Schroeder made earlier. The government disagrees that no matter how the Court were to come out on divisibility, the issue could be decided based on the fact that, assuming divisibility, you look at the record of conviction, there's no cocaine present or any drug that's on the federal drug schedule. The government disagrees with that, as the Supreme Court has instructed in Mathis, and as this Court has acknowledged before, that in a Murillo-Alvarado 2017 case, where a court order specifies that the defendant pleaded guilty to a particular count of a criminal complaint, the Court may consider the facts alleged in the complaint when it gets time to apply the modified categorical approach. And here, the complaint... The facts alleged in the indictment? Excuse me, in the indictment. In the indictment here? Thank you for the correction, Your Honor. Yes, in the indictment. So, again, assuming divisibility, if you look at the indictment, it's clear that the indictment at page 555 of the administrative record charges in count one the sole count in that indictment, specifically that the narcotic drug was cocaine, and then the plea agreement and the judgment of the Court relate back to count one. We do have some confusing language in the Ninth Circuit case of Vidal, but it seems to me about, unless you plead to the count, you can't go back and look at the count. But it seems to me there are several differences. Vidal was a normal contendery case. Right. And also, here you have just the one count. Do you think Vidal would preclude us from considering the cocaine in the indictment because he did not plead to the count in the indictment, but just simply pled guilty? So, no, Your Honor, because — and are you referring to Ruiz Vidal, which was cited by a petitioner in their supplemental authority submission? 803 F. 3rd, 1049, Ninth Circuit, 2015. I — my notes had written it down as — Vidal. Yeah. Well, the Vidal I have referenced here, Your Honor, first of all, as to divisibility, it found that the drug statute at issue there was actually divisible, and that — so this actually helps the government's case, Your Honor. And when it got to the separate and downstream issue of the application of the modified categorical approach, it found that the conviction contained the element that was relevant there, notwithstanding the no-contest plea to the count, because, again, when the plea refers to a specific count, the court may consider the facts alleged in that count. So that case, if anything, supports the government's position both as to divisibility and as to the modified categorical approach. Now, returning back to what I earlier noted was the central issue — I just want to make sure that I have the government's position in mind. Before we get to divisibility, is the government conceding that the Arizona statute is not a categorical match — Yes, as we noted in our brief — — because it has the offenses on it that aren't on the federal schedule? Yes, Your Honor, and pardon my interruption of your question. As we noted in our brief, at the time, the applicable drug schedule in Arizona included two drugs that were not included on the federal schedule. So in that sense, it is not a categorical match. Great. Okay. Thanks. Proceeding to the divisibility inquiry that is central to this case, Your Honor, as my colleague also alluded, Mathis must control the court's analysis of this issue. And Mathis instructs that the court look in three places. The first two places fall under what the court deems authoritative state law. And they include, one, a state court decision definitively answering the question. And two, the statute on its face resolves the issue. The two examples given by the Supreme Court there would be under Apprendi, if the term carries a different sentence. Very easy answer. It's definitely an element. Versus if there are illustrative terms in the statute, then that's likewise easy in the negative. It's not elements. The third place to look, if state law doesn't decide the issue, would be the record of conviction, albeit only to peek at it and solely for the purpose of determining whether the items in the statute are elements of the crime. For example, where an indictment specifies one term to the exclusion of others. No matter which of these three places Your Honors look, you will find grains of sand to place on the side of the scale in favor of finding divisibility. So starting with Arizona state court decisions, from at least the 70s to present, the Arizona courts have shown that they consider drug type to be an element in narcotic drug convictions. And I would like to start this point first by, before getting to the Arizona laws or case law, drawing the court's attention to its decision en banc in Martinez-Lopez, the statute criminalizing transport, sale, et cetera, of quote, any controlled substance specified or classified in a certain statutory drug schedule, was divisible by drug type. Because a California Supreme Court spoke to the issue in as much as it upheld multiple convictions for a single act as it related to multiple drugs. In other words, I have heroin in my right pocket, cocaine in my left, that's two convictions under that controlled substance statute. And in doing so, this is the important part, this en banc court said that the Supreme Court in California implicitly held that the drug was an element of the statute. And the court, this court, found that the California Supreme Court decision therefore definitively addressed the divisibility issue in that sense. Now this implication principle that the court utilized in Martinez-Lopez applies here as well. The government collects a number of cases in its brief, I won't go through every single one of them, that similarly uphold multiple narcotic drug convictions for a single act involving multiple drug types. And therefore implicitly show that the Arizona Narcotic Drug Statute is divisible by drug type elements. A couple of examples include a number of 2011 decisions from the Court of Appeals in Arizona, Wright, Zip Levy, and Tarango, all of which upheld multiple counts. In Wright it was two counts of possession of a narcotic drug, cocaine and heroin. Kennedy, was the issue raised in those cases? No. So? It was implicitly decided by the court, just like it was implicitly decided by the California Supreme Court, Your Honor. But you don't have any cases other than two lower court unpublished Arizona cases that come out contrary to you, but no California, no Arizona Supreme Court case that specifically addressed this issue. So you are relying on this implicit argument. I have two responses to that. First, those cases, those unpublished decisions you refer to are not controlling for a number of reasons I'd like to address. Of course not. But second, I do... But we can look at them as indicative of, in the absence of anything else, they are at least something that is a legitimate matter on the scale. Well, giving, assuming that it would be placeable on the scale, certainly not enough to overcome the bounty of case law that the government cites that is published, mind you. And secondly, that includes a Supreme Court case from Arizona. But which never addressed this issue. So you're just drawing a... We don't even... Did you ever look at the briefs in those cases to... Could you represent to us that the issue is at least presented to the court in advocacy? Well, no, Your Honor. I haven't looked at the briefs there. But the issue is not any more raised in those cases than it was in the Supreme Court decision that this Court sitting on Bank relied on in Martinez-Lopez, which addressed simply whether multiple convictions could be entered under a single statute. And in doing so, concluded yes. And that was implicitly addressing the issue of elements. And similarly, the Arizona Supreme Court, to get to that, Your Honor's question about whether we have additional authority, the Arizona Supreme Court has more directly acknowledged that drug type is an element of Arizona's narcotic drug statute. And I point to Diaz, which is an en banc Arizona decision that the government cites in its brief, where the court concluded that a jury instruction provided had not omitted a material element, that being knowledge that the material possessed was, quote, a narcotic drug, where the judge instructed the jury that the elements of possession of a narcotic drug, to wit, heroin, included that the substance must have been heroin, which, again, implicitly shows, if not expressly shows, that it considered the identity of the drug, in that case, heroin, to be an element of the crime. Very briefly, how do you get around the jury instructions in Arizona? Your Honor, I'm about to run out of time, but if I may, to at least answer that question, the way you get around the jury instructions is that the Arizona jury instructions include a warning that the instructions, as a group, have not received      Well, the Arizona Supreme Court, as a group, has not received any approval from the Arizona Supreme Court. And the reason for that, again, looking to the Arizona Supreme Court, the Logan decision that the government cites in its brief, where the Arizona Supreme Court, en banc, clarified that the Arizona Supreme Court no longer issues qualified approvals for any jury instructions. And, indeed, the instructions in Arizona include a warning that the instructions, as a group, have not received any approval from the Arizona Supreme Court. Thank you. Just to finish. That's a good answer. Thank you. Well, there's an important backdrop that I'd like to include in that answer, Your Honor, and that is that the Arizona jury instructions are issued by the Arizona State Bar, a nonprofit organization under the supervision of, but not part of, the Arizona Supreme Court, and you can contrast that with the California's jury instructions, which are issued by judicial counsel. Excuse me? Have we ever drawn that distinction? Not expressly, Your Honor, but that is the backdrop to what was going on there. Okay. I think we have your argument. Okay. Well, for those reasons, Your Honor, and for the reasons cited in the government's brief, we ask that you deny the petition. Thank you. Thank you. Quickly, Your Honors. We do not disagree necessarily with the analysis that the government is making in regards to the drug type. We think that that's actually consistent with our analysis of Arizona jurisprudence. Why am I saying this? Because in looking at State v. Strong, the Arizona Court of Appeals actually upheld a conviction where the defendant offered to sell a drug. In this case, it was a dangerous drug, and the government was not even required to produce that drug, much less approve the type of drug. State v. Prescott also points this out, that while the defendant has the right to a unanimous jury verdict as to the narcotic drug, not necessarily as to what drug that type of drug is. And even in the cases where the government has sustained multiple convictions for different drugs, what that indicates to us by looking at the jurisprudence and at the jury instructions is that while the government can charge multiple offenses, the government simply needs to prove that multiple drugs were involved, not necessarily the types of drugs. And therefore, Your Honors, the government fails to meet its burden of Thank you, Your Honors. Thank you. Court, thanks, counsel, for their arguments. The case argued is submitted for decision. We'll hear the next case, which is Anderson v. Gibson.
judges: Ebel, Schroeder, Gould